TRINETTE G. KENT (State Bar No. 222020)
3219 E Camelback Road, #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Spencer McNeil

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| Spencer McNeil, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | **FOR VIOLATIONS OF:** |
| Aargon Agency, Inc., | **1. THE FAIR DEBT COLLECTION PRACTICES ACT; AND** |
| Defendant. | **2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT** |
| | **JURY TRIAL DEMANDED** |

Plaintiff, Spencer McNeil (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Aargon Agency, Inc. (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1.     This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("Rosenthal Act").

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), Cal. Civ. Code 1788.30(f), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4.     Plaintiff is an adult individual residing in San Bernardino, California, and is a "person" as defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), and is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

6.     Defendant is a business entity located in Las Vegas, Nevada, and is a "person" as the term is defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

2

7.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

8.     Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in the collection of consumer debts, and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

9.     Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

10.     Plaintiff's alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, is a "debt" as defined by 15 U.S.C. § 1692a(5), and is a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

11.     At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

12.     Within the past year, Defendant began calling Plaintiff in an attempt to collect a debt.

3

COMPLAINT FOR DAMAGES

13.     On or about February 26, 2019, Defendant left a voice message on Plaintiff's answering system wherein Defendant failed to identity itself.

14.     Defendant's actions caused Plaintiff to suffer a significant amount of stress and anxiety.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

15.     Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

16.     The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

17.     Defendant attempted to collect a debt from Plaintiff and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

18.     Defendant engaged in conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiff, in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

19.     Defendant placed telephone calls to Plaintiff without disclosing the caller's identity, in violation of 15 U.S.C. § 1692d(6).

20.     The foregoing acts and/or omissions of Defendant constitute violations of the FDCPA, including every one of the above-cited provisions.

4

21.    Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788, *et seq.*

22.    Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

23.    The Rosenthal Act was passed to prohibit debt collectors from engaging in unfair and deceptive acts and practices in the collection of consumer debts.

24.    Defendant's agent communicated with Plaintiff without identifying himself and/or identifying his employer, in violation of Cal. Civ. Code § 1788.11(b).

25.    Defendant did not comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.17.

26.    Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

5

1            D. Statutory damages of $1,000.00 for knowingly and willfully committing

2

3                 violations pursuant to Cal. Civ. Code § 1788.30(b);

4            E. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C.

5                 § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

6

7            F. Punitive damages; and

8            G. Such other and further relief as may be just and proper.

9

10             **TRIAL BY JURY DEMANDED ON ALL COUNTS**

11

12

13  DATED:  May 13, 2019           TRINETTE G. KENT

14                 By:  */s/  Trinette G. Kent*

15                 Trinette G. Kent, Esq.

16                 Lemberg Law, LLC
                    Attorney for Plaintiff, Spencer McNeil

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES